UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CR-199 |
| | ) | |
| DILLON HERRINGTON, | ) | Hon. Beryl A. Howell |
| | ) | |
| Defendant. | ) | |

**ATTORNEY HEATH M. LYNCH'S UNOPPOSED MOTION
TO WITHDRAW FROM REPRESENTATION**

Undersigned retained counsel for Defendant, Heath Lynch, of SBBL Law, PLLC, in Grand Rapids, Michigan, hereby moves this Court to withdraw from representation. In support of this request, undersigned counsel states:

1.      On or about June 7, 2021, the government charged Defendant Dillon Herrington by criminal complaint with, *inter alia*, forcibly assaulting/resisting a Federal officer (*United States of America v. Dillon Colby Herrington*, Case No. 1:21-MJ-465, Hon. Robin M. Meriweather).  Mr. Herrington was arrested in his home state of Alabama and released on bond pending further proceedings.

2.      On or about June 15, 2021, following his release, Mr. Herrington retained undersigned counsel and the law firm of SBBL Law, PLLC, with financial assistance from his fiancé, RG,[1] and her family.  RG contracted with SBBL Law to serve as the "third party guarantor," or financially-responsible third party, on behalf of Mr. Herrington, meaning

---

[1]      Out of respect for RG's privacy, this motion will refer to her by initials only.

the retainer was paid by her and case expense reports and invoices were to go to her as well.

3.      Undersigned counsel developed a positive working relationship with Mr. Herrington and RG.  Mr. Herrington stayed in communication with counsel, who ensured that he received and understood discovery furnished by the government; that he was fully advised of potential defenses and his options; and that he fully understood the applicable sentencing guidelines and legal matter at issue in his case.

4.      Throughout the months that followed, the government sought a number of continuances of case dates, but no resolution agreement was reached and no action was taken by the Grand Jury.

5.      In May 2023, Assistant U.S. Attorneys assigned to the "Breach and Assault Unit" of the U.S. Attorney's Office for the District of Columbia reached out to undersigned counsel and advised that the government would be represented by different counsel going forward and, moreover, that the government intended to dismiss the existing case (which had not yet been assigned to a District Judge) and re-file an action against Mr. Herrington.

6.      Undersigned counsel entered into extensive plea discussions with government counsel and in early June 2023, Mr. Herrington entered into an agreement with the government.  On June 13, 2023, the government filed a single-count felony information against Mr. Herrington (ECF No. 1).

7.      On June 22, 2023, Mr. Herrington entered a guilty plea to count one of the felony information charging him with assaulting, resisting, or impeding certain officers in

violation of 18 U.S.C. § 111(a)(1).  The Court scheduled sentencing for October 27, 2023, and ordered a presentence investigation.

8.    In mid-July 2023, Mr. Herrington and RG reached out separately to undersigned counsel to advise that their engagement had been broken off, and their relationship was over.  Mr. Herrington advised undersigned counsel that he would assume financial responsibility for legal services provided by the firm for the duration of his case.  Undersigned counsel continued to assist Mr. Herrington with all aspects of the presentence investigation.

9.    At the end of July, however, Mr. Herrington informed undersigned counsel that he was no longer able to afford the services of the firm, and that he needed to apply for assistance from a public defender.  Undersigned counsel informed Mr. Herrington that he would try to comply with his wishes, but that his ability to withdraw was contingent upon Court approval.

10.    Undersigned counsel has consulted the Local Rules of Practice for the District Court for the District of Columbia, and respectfully submits that withdrawal would neither delay trial of Mr. Herrington's case (which resolved by plea), nor unfairly prejudice Mr. Herrington or the government.  There is considerable work left to be done on Mr. Herrington's case, but a public defender or counsel appointed under the Criminal Justice Act would ensure Mr. Herrington had capable representation at sentencing.  Undersigned counsel already traveled to Washington, D.C., for the change of plea hearing and another

trip would be required for sentencing.[2]  It would be in the interests of justice to permit withdrawal.  Mr. Herrington has made clear that, due to unforeseen and unforeseeable circumstances, he has no resources to cover the costs of continuing representation.  He is willing to submit a financial affidavit to the Court to confirm his financial condition.

11.     Undersigned has sought concurrence from AUSA David Perri, who does not object to the relief requested.

## CONCLUSION

WHEREFORE, undersigned counsel respectfully asks this Court to consider this motion and permit the undersigned to withdraw from representation.

Dated: August 14, 2023                   _/s/ Heath M. Lynch_____
                                         Heath M. Lynch
                                         Attorney for Defendant
                                         SBBL. LAW, PLLC
                                         60 Monroe Center, Suite 500
                                         Grand Rapids, MI 49503
                                         heath@sbbllaw.com
                                         (616) 458-5500

---

[2]     Undersigned counsel is aware from his involvement in other Federal matters that, where appropriate, Courts often choose to *appoint* formerly-retained counsel under the Criminal Justice Act, rather than ordering withdrawal from the case, for the sake of continuity.  While undersigned counsel is not aware of the policies and procedures of the District Court for the District of Columbia regarding this option, he would not object to appointment; the relationship between counsel and Mr. Herrington is positive and constructive.  Undersigned counsel has served and continues to serve on the Criminal Justice Act Panel for the United States District Court for the Western District of Michigan.